UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**DIANE ST. AMOUR,**
      **- Plaintiff**

v.                                                        CIVIL NO. 3:09-CV-1055 (CFD)

**LAWRENCE AND MEMORIAL CORP., et al,**
      **- Defendants**

## Ruling and Order on Defendant's Motion to Compel

The defendants filed a motion to compel (dkt. #54) the plaintiff to produce and testify at a deposition about certain handwritten notes, to truthfully answer a question posed by Lawrence and Memorial's ("L&M") counsel, and to produce complete tax documents for 2006-2009 in response to L&M's Interrogatories and Requests for Production. The plaintiff objected to the motion to compel (dkt. #57) claiming that the handwritten notes are protected by the attorney-client privilege, and that the plaintiff had, in fact, truthfully responded to the question posed by L&W's counsel. Plaintiff's objection does not mention the tax documents, and therefore the plaintiff does not object to the production of these documents and is hereby compelled to produce them.

The plaintiff claims that the handwritten notes are protected

by the attorney-client privilege because they were made "in anticipation of litigation and within the context of attorney-client communications." Pl.'s Objection to Def.'s Mot. to Compel 5. The burden of establishing the existence of a privilege, in all its elements, rests with the party asserting it. <u>U.S. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO</u>, 119 F.3d 210 (2d. Cir. 1997). The plaintiff has not met that burden. The plaintiff offers only declarative statements to support the contention that the notes are confidential. The plaintiff states: "The Plaintiff has indicated to the Defendants that the notes she prepared to which she is invoking the privilege relate to those records she prepared in anticipation of litigation and in connection with her privileged communications to her attorneys." Pl.'s Objection to Def.'s Mot. to Compel 5. This is wholly inadequate to support reliance on the privilege. As the defendant points out, there is evidence in the record that supports the conclusion that the notes are not privileged. Def.'s Mem. in Supp. of Mot. to Compel 5-7. The court finds that the plaintiff has not met her burden of establishing the existence of a privilege and therefore must produce the handwritten notes.

As for the motion to compel a truthful answer to a question posed by defense counsel, the motion is denied. The question is in regards to a Connecticut Commission on Human Rights and

Opportunities ("CHRO") complaint filled out by the plaintiff. The defendant claims that the CHRO complaint, however, does not mention an alleged pushing incident where plaintiff would be the victim. Defense counsel's question is: "tell me whether or not [the CHRO complaint] actually says anything about Mr. Lowe doing anything physical to you. . . ." Def.'s Mem. in Supp. of Mot. to Compel 9. To which the plaintiff's response is "My answer is that it is incorporated in my complaint." Id. at 10. Defense counsel asked the question repeatedly and received the same answer. Defense counsel finds that the answers are "unresponsive and evasive, and amount[] to a refusal to truthfully respond to the questions." Id. at 9. The plaintiff objects only insofar as the question has been adequately answered. The court agrees with the plaintiff. The question posed to the plaintiff was answered. Defense counsel is free to ask another question. Accordingly, the defendant's motion to compel a truthful answer to a question posed by defense counsel is DENIED.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636 (b)(1)(A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 28th day of February, 2011.**

> **/s/ Thomas P. Smith**
> **Thomas P. Smith**
> **United States Magistrate Judge**